NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL HUPP,<br><br>            Plaintiff-Appellant,<br><br>  v.<br><br>COUNTY OF SAN DIEGO; et al.,<br><br>            Defendants-Appellees. | No. 16-55128<br><br>D.C. No. 3:12-cv-00492-GPC-JLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Paul Hupp appeals pro se from district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising out civil contempt of court proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Contrary to Hupp's contention, the district court did not err in denying

Hupp's motion to compel discovery from the County of San Diego and James

Patrick Romo after granting summary judgment in favor of these defendants

because the discovery Hupp sought would not have precluded summary judgment.

*See Qualls By & Through Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th

Cir. 1994) (setting forth standard of review and finding that the district court

properly denied a motion seeking additional discovery after summary judgment

was granted because the additional discovery would not have precluded summary

judgment). Moreover, the district court did not abuse its discretion because Hupp

failed to show that the denial caused actual and substantial prejudice. *See Hallett*

*v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and

explaining that the denial of a motion to compel will not be disturbed absent the

clearest showing of actual and substantial prejudice).

We reject as without merit Hupp's contention that he is entitled to discovery

prior to the district court ruling on defendants' motion brought under Federal Rule

of Civil Procedure 12(c). *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d

729, 738 (9th Cir. 1987) (rejecting argument that plaintiff was entitled to discovery

prior to court ruling on motion to dismiss under Federal Rule of Civil Procedure

12(b)(6)); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d

1047, 1054 n.4 (9th Cir. 2011) (recognizing that Rule 12(c) and Rule 12(b)(6) are "functionally identical").

We reject as unsupported by the record Hupp's contentions concerning the alleged bias and improper conduct of the district court judge.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Hupp's motion to strike William J. Kiernan's answering brief (Docket Entry No. 35) is denied as moot. All other pending requests, set forth in Hupp's opening and reply briefs, are denied.

**AFFIRMED.**